**TEXAS STATE BANK, Appellant,**

v.

**H. M. COSNAHAN, Appellee.**

No. 10997.

Court of Civil Appeals of Texas.

Austin.

Oct. 24, 1962.

Rehearing Denied Nov. 14, 1962.

Joseph R. Darnall, Jr., Austin, for appellant.

John D. Reed, Austin, for appellee.

ARCHER, Chief Justice.

This is a suit for trial of right of property as to the ownership and possession of a mobile home.

The defendant answered by general denial, and a motion to dismiss on the grounds that the plaintiff had failed to file a claimant's bond and that the petition incorporated both a trial of right of property and an action for damages.

On trial the court entered a judgment in favor of plaintiff for the title and for writ of possession to the mobile home, but did not allow any damages.

The appeal is founded on the error of the court in overruling the motion to dismiss because the plaintiff had not filed a claimant's bond as prescribed by Rule 718 T.R. C.P., and because the plaintiff alleged a cause of action for damages with his action for trial of right of property.

We do not believe that the court erred in not dismissing the plaintiff's petition. The evidence was sufficient to support the court's judgment that the mobile home was the property of appellee.

█ At the time of filing of claimant's pleadings, the mobile home in controversy was in possession of the defendant by virtue of a replevy bond, after the home had been seized by a sequestration writ in another suit in which the defendant Bank was the plaintiff and Roy L. Humes, Jr., et al. were defendants. No useful purpose could have been accomplished by the filing of a bond, since the mobile home was in the possession

of the Bank at all times pertinent to this suit, and at the time the trial was had.

The pleadings included an action for damages, but the plaintiff, Cosnahan testified that he only sought possession of the mobile home, and no damages were allowed, and such inclusion of the action for damages became harmless.

We have considered Rule 718 and other related Rules as well as Carter v. Carter, 36 Tex. 693 (1872) and Sanders v. Farrier, Tex.Civ.App., 271 S.W. 293.

The judgment of the Trial Court is affirmed.

Affirmed.